Martin, J.
, , delivered the opinion oí the court. The petition states that the plaintiff, in *565 the month of July last, purchased from the defendant, foursquares in the town of McDonogh, and the defendant refused to put him in possession, whereby he has sustained great injury, and concludes with a prayer for a rescission of the sale and damages.
The answer admits the sale,» and denies that the defendant ever refused to put the plaintiff in possession.
There was judgment for the rescission of the sale, but no damage was allowed, and both parties appealed.
The evidence shews that the plaintiff, some days after the sale, applied to the defendant to be put in possession, when the defendant appointed the next day ; that the plaintiff neither came nor sent on that day, but on the following sent a man, who found the defendant’s surveyor laying out the streets of the town, who said that, the square bought by the plaintiff, being in the rear, their lines could not be run for some time : when the plaintiff’s agent went to the defendant, who told him that, if the plaintiff came or sent on the next day, he, the defendant, would go and draw the lines of his squares. The plaintiff, on this being reported to him, replied he would not go nor send, as the defendant, being no survey- or, might draw the lines incorrectly and subject *566 him to law suits. ■ He afterwards wrote to the . ...... defendant, demanding a rescission of the sale.
There was evidence of the plaintiff speaking to some slaves, who promised to come on the following Sunday and cut wood for him, bringing others to a considerable number, and that the defendant offered*him some of his negroes to hire for the same purpose.
The sale was made on a plan, on which the squares are marked and numbered. Two streets were actually run, and the defendant’s surveyor was, it appears, employed in completing the survey, when the plaintiff made applicat’o i- In order to perform the work with correctness, it was necessary to proceed regularly, and survey the squares in the order in which they lay. There was no neglect, therefore, on the part of the defendant, in effecting the survey in such a manner as would do justice to all his vendees. He offered to go himself and survey the plaintiff’s squares, if he would be satisfied with his doing so, but this was refused. The plaintiff might have known with a little trouble, which the defendant offered to take for him, the squares sold to him, by a recourse to the plan. Id certum est, quod certum reddi potest.
The defendant consented that the plaintiff should take possession, since he offered to attend him for that purpose, and to hire him negroes to *567 cut wood on the squares, and our statute provides that the tradition of real estate may be made bv the consent of the vendor, that the ven-r ■dee should take possession, Civ. Code, 350, art. 19, so that the tradition has actually taken place.
The plaintiff in propria persona, Turner for the defendant.
It appears to us that the judgment of the parish court, rescinding the sale, is erroneous. It is, therefore ordered, adjudged and decreed, that it be annulled, avoided and reversed, and that there be judgment for the defendant, with costs in both courts and on each appeal.